IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHYLLIS J. MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1168-N |
| | § | |
| MACY'S RETAIL HOLDINGS, INC. and | § | |
| JASON UKANDU, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Macy's Retail Holdings,

Inc. ("Macy's") motion for summary judgment [24]. Plaintiff Phyllis J. Moore has failed to

establish that Macy's reason for her termination is mere pretext. Accordingly, the Court

grants Macy's motion.

## I. ORIGINS OF THE DISPUTE

Phyllis Moore worked for Macy's since 1999. In 2017, at the age of 68, Moore was

working in the Women's Fragrances department. Her supervisor was Jason Ukandu. During

a workday in October 2017, Moore was of the opinion that Ukandu's pants were hanging too

low. Moore approached Ukandu. After a brief conversation, Ukandu claims Moore smacked

him on the behind and walked away with a smile.

Ukandu reported the incident to Margie Peña in Human Resources. Peña discussed

the incident with Moore, and then informed her that she would be suspended while Human

Resources investigated the incident. Based on Peña's investigation, Macy's terminated Moore for inappropriate conduct on November 8, 2017.

Moore first appealed the decision using Macy's internal dispute resolution process. Moore noted that she disputed the facts of the allegation and believed she was terminated because of her age. After a second investigation conducted by Jennifer Van Ness, Macy's upheld its original decision to terminate Moore for inappropriate conduct.

In May 2018, Moore filed suit in this Court. She raised three claims: (1) an Age Discrimination in Employment Act ("ADEA") violation against Macy's, (2) defamation against Ukandu, and (3) conspiracy against both Macy's and Ukandu. The Court dismissed Moore's conspiracy claim with prejudice by previous Order [18]. Macy's now moves for summary judgment on Moore's ADEA claim.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a

reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS SUMMARY JUDGMENT FOR MACY'S

#### A. Legal Standard under the ADEA

ADEA claims involving discrimination should be evaluated using the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 231 (5th Cir. 2015). Moore must first make out a prima facie case of discrimination by showing: (1) she was discharged, (2) she was qualified for the position, (3) she was within the protected class at the time of termination, and (4) was either replaced by someone outside the protected class, someone younger, or was otherwise terminated because of her age. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). Macy's assumes that Moore can make out a prima facie case. Br. in Supp. of Def. Macy's Retail Holdings, Inc.'s Mot. for Summ. J., 8 [25] ("Mot.").

Next, the burden shifts to Macy's to articulate a legitimate, non-discriminatory reason for Moore's termination. *McDonnell Douglas Corp.*, 411 U.S. at 802. It is undisputed that it has. Macy's states that it fired Moore because she engaged in misconduct when she deliberately and inappropriately touched Ukandu. Mot. at 8. While Moore disagrees with

Macy's decision, she does not dispute that this was the reason proffered for her termination. Finally, under the *McDonnell Douglas Corp.* framework, the burden then shifts back to Moore to show that Macy's reason was mere pretext for discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 804.

### B. Moore Does Not Raise a Fact Issue Regarding Pretext

Moore has not presented evidence to create a reasonable basis to infer Macy's reason was pretextual. Moore attempts to show pretext by arguing: (1) she had a perfect disciplinary record, (2) there were rumors that Ukandu was engaging in inappropriate conduct with another employee at the time, and (3) there were no witnesses to the alleged incident. Pl.'s Resp. to Def. Macy's Retail Holdings, Inc.'s Mot. for Summ. J. and Br. in Supp., 9 [40] ("Resp."). Her logic is that "a reasonable employer would need more than hearsay statements to make the determination that it was appropriate to terminate an employee of almost two decades with an impeccable employment history based solely on what amounts to a 'he said she said' situation." *Id.*

The Court disagrees that this is evidence of pretext. The entirety of Moore's argument is that Macy's made the wrong decision, and should have trusted her word over Ukandu's. But this is insufficient to show evidence of pretext supporting an ADEA claim. In cases "in which an employer discharges an employee based on the complaint of another employee, the issue is not the truth or falsity of the allegation, but 'whether the employer reasonably believed the employee's allegation and acted on it in good faith." *Jackson*, 602 F.3d at 379. Moore clearly disagrees with Macy's decision. But at no point does she present evidence

that Macy's did not act in good faith, or present *any* evidence linking Macy's decision to her age.  Indeed, her "own conclusory assertion that [she] did not behave inappropriately is irrelevant."  *Id.*  Without any evidence to suggest that Macy's used this incident as cover for a motivation to terminate Moore for her age, no reasonable jury could infer pretext.  Accordingly, the Court holds that Moore cannot state a viable ADEA claim and grants Macy's motion for summary judgment.

## CONCLUSION

For the reasons stated above, the Court grants Macy's motion for summary judgment.


Signed May 3, 2019.


David C. Godbey
United States District Judge